1

The Honorable

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
8                              AT SEATTLE

9   KEVIN ROUX AND LISA ROUX, a married
    couple,
10                                                  No.
                                Plaintiff,
11                                                  NOTICE OF REMOVAL
          v.                                        28 U.S.C. §§ 1331 and 1337
12
    ATLAS WORLD GROUP INTERNATIONAL,                [Superior Court of Washington in and for King
13  INC., a Washington State Corporation and        County Case No. 18-2-23821-8 SEA]
    AMERICAN RED BALL INTERNATIONAL,
14  INC., a Washington State corporation,

15                              Defendants.

16

17          Defendants Atlas World Group International, Inc. and American Red Ball International,

18  Inc. hereby give notice of the removal of this case to the United States District Court for the

19  Western District of Washington pursuant to 28 U.S.C. §§ 1331 and 1337.

20          Defendants state the following as grounds for removal.

21          1.      On September 24, 2018, Plaintiffs Kevin Roux and Lisa Roux commenced this

22  action by filing a Complaint in the Superior Court of Washington in and for King County under

23  Case No. 18-2-23821-8 SEA.  A copy of the Complaint is attached as Exhibit 1.  Plaintiffs later

24  filed with the Superior Court an Amended Complaint, a copy of which is attached as Exhibit 2.

25  The Summons, Amended Complaint, and Complaint constitute "all process, pleadings and

26  orders" filed in this action.

NOTICE OF REMOVAL 28 U.S.C. §§ 1331 and 1337 - 1
Case No.:

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

53166990.1

2.      Defendants were served served with process on September 26, 2018, which was the first notice they received of this lawsuit.

## BASIS FOR FEDERAL COURT JURISDICTION

3.      In their complaint, plaintiffs allege the following:

6. On or about July 29, 2014, the Plaintiffs moved from their home in Pensacola, Florida to Pennsylvania. … Plaintiffs had a contract with Defendant Atlas and Red Ball whereby Defendants would pack and transport the Plaintiffs' goods. Defendants in turn contracted with Carlyle Vane Lines, Inc. to move the household goods and related items (hereafter "goods") from the Plaintiffs' home in Florida to Pennsylvania. Said goods constituted everything from fungible items like televisions and sofas to irreplaceable items such as family photo albums and an antique Coke machine. …

7. When the Plaintiffs' goods were delivered nearly a month after their expected delivery date, many of the Plaintiffs' goods were damaged and/or lost. To date, many of the goods, constituting thousands of dollars in damage, have not been replaced or repaired. …

4.      As confirmed by these allegations, plaintiffs engaged defendants as a motor carrier or freight forwarder in interstate transportation as defined by 49 U.S.C. §13102(8) and (14).

5.      Plaintiffs, through their counsel, issued a letter to defendants demanding $40,000 in compensation for their alleged damages.  A copy of said letter, redacted as to impertinent points, is attached as Exhibit 3.  Thus, the amount in controversy easily exceeds $10,000.

6.      Plaintiff's claims herein are governed exclusively and preemptively by federal law, i.e., the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §14706.  As the U.S. Court of Appeals for the Ninth Circuit held in *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687-688 (9th Cir. 2007):

The Carriers argue that the Carmack Amendment, 49 U.S.C. § 14706, is among the few statutes that completely Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 687-688, 2007 U.S. App. LEXIS 1893, well-pleaded state claims by "provid[ing] the exclusive cause of action for the claim asserted and also set[ting] forth procedures and remedies governing that cause of

NOTICE OF REMOVAL 28 U.S.C. §§ 1331 and 1337 - 2
Case No.:

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400   FAX (206) 447-9700

action." [citations omitted] We have described the Carmack Amendment as providing "a uniform national liability policy for interstate carriers." [citations omitted] (observing that plaintiffs' contract claim would have been completely preempted if it had satisfied Carmack's minimum amount in controversy). It is well settled that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property. [citations omitted] ("[T]he question as to the proper construction of the bill of lading is a Federal question."); [citations omitted] (Carmack covers "the subject of the liability of the carrier under a bill of lading . . . so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it"); [citations omitted] ("Congress intended for the Carmack Amendment to provide the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier." (emphasis omitted)). These cases establish that the Carmack Amendment completely preempts a contract claim alleging loss or damage to property.

7.      Under 28 U.S.C. §1331, federal courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  As the Ninth Circuit Court of Appeals held in *White v. Mayflower Transit, L.L.C.*, 543 F.3d 581, 584 (9th Cir. 2008):

The Carmack Amendment is a federal statute that provides the exclusive cause of action for interstate shipping contract claims, and it completely preempts state law claims alleging delay, loss, failure to deliver and damage to property. [citations omitted]  If a plaintiff brings a contract action against an interstate carrier for any of these reasons, and the amount in controversy exceeds $10,000, then the defendant may properly remove the case to federal court.

8.      The fact that plaintiff improperly pleads in its Complaint state and common law causes of action does not alter this.  If "the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Aetna Health Inc. v. Davila,* 542 U.S. 200, 207-08, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004) (quoting *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 8, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003)). Thus, civil actions containing state law claims that are completely preempted are removable to federal court. *See Id.* at 210.

NOTICE OF REMOVAL 28 U.S.C. §§ 1331 and 1337 - 3
Case No.:

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400   FAX (206) 447-9700

53166990.1

9.      The subject matter of this action arises under an Act of Congress regulating commerce, and plaintiffs seek recovery of a sum greater than $10,000.00.  Thus, it also is subject to removal pursuant to 28 U.S.C. §1337(a).

## **PROPRIETY OF REMOVAL**

1.      This Notice of Removal is timely filed because it is filed within 30 days of defendants' receipt of the Complaint as provided by 28 U.S.C. § 1446(b).

2.      This Court has original jurisdiction of this matter under 28 U.S.C. §§1331 and 1337(a).

3.      This matter is subject to removal pursuant to 28 U.S.C. §1441.

4.      Removal of this matter is not barred by 28 U.S.C. §1445.

5.      Pursuant to 28 U.S.C. § 1446(a), defendants have attached hereto a true and accurate copy of plaintiffs' Summons and Amended Complaint.

6.      Pursuant to 28 U.S.C. §1446(a) and (d), defendants will promptly file a copy of this Notice of Removal with the Superior Court of Washington in and for King County, and will further provide prompt notice to all adverse parties and will also file proof of service of all notices and filings with the Clerk of the United States District Court for the Western District of Washington.  A true and correct copy of the Notice of Removal is attached hereto as Exhibit 4.

WHEREFORE, defendants remove the above-captioned action from the Superior Court of Washington in and for King County to the United States District Court for the Western District of Washington.

NOTICE OF REMOVAL 28 U.S.C. §§ 1331 and 1337 - 4
Case No.:

53166990.1

1  DATED this 15th day of October, 2018.

2

3

4                                    *s/Steven W. Block*
                                     Steven W. Block, WSBA No. 24299
5                                    FOSTER PEPPER PLLC
                                     1111 Third Avenue, Suite 3000
6                                    Seattle, Washington  98101-3292
                                     Telephone: (206) 447-4400
7                                    Facsimile: (206) 447-9700
                                     Email:  steve.block@foster.com
8                                    *Attorney for Defendants*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF REMOVAL 28 U.S.C. §§ 1331 and 1337 - 5
Case No.:

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON  98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

## CERTIFICATE OF SERVICE

The undersigned declares that on the date stated below I caused to be served the foregoing document, upon the following in the manner of service indicated:

| | | |
|---|---|---|
| Chris Jackman | ☐ | via hand delivery |
| The Jackman Law Firm, PLLC | ☒ | via e-mail |
| 600 Stewart Street, suite 400 | ☒ | via E-Filing |
| Seattle, WA 98101 | ☐ | via facsimile |
| *Attorney for Plaintiff* | ☐ | via U.S. Mail |

I declare under penalty of perjury under the laws of the State of Washington, that the foregoing is true and correct.

Executed in Seattle, Washington this 15th day of October, 2018.


*s/Michelle Stark*
Michelle Stark, Legal Assistant

NOTICE OF REMOVAL 28 U.S.C. §§ 1331 and 1337 - 6
Case No.:

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

53166990.1

EXHIBIT 1

FILED

18 SEP 24 AM 9:29

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-23821-8 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING

| | |
|---|---|
| KEVIN ROUX AND LISA ROUX, a married couple, | No. |
| Plaintiffs, | COMPLAINT |
| vs. | |
| ATLAS WORLD GROUP INTERNATIONAL, INC., a Washington State Corporation | |
| AMERICAN RED BALL, a Washington State corporation, | |
| Defendants. | |

COMES NOW  Plaintiffs Kevin and Lisa Roux  by and through their attorney of record, Chris Jackman of The Jackman Law Firm, PLLC, who appears before the Court complaining against the defendant as follows:

COMPLAINT
Page 1 of 5

The Jackman Law Firm, PLLC
600 Stewart Street, suite 400
Seattle, WA 98101
Tel: 206-245-6442
Chris@TheJackmanLawFirm.Com

## I.    PARTIES

1.      Plaintiffs Kevin and Lisa Roux are a married couple who reside in Pennsylvania.

2.      Atlas World Group International, Inc. ("Atlas") is a Washington State corporation whose registered agent is located in Tumwater, Thurston County, Washington.  At all times material hereto, Atlas was conducting continuous business in King County, Washington.

3.      Red Ball International, Inc. ("Red Ball") is a Washington State corporation whose registered agent is located in Tumwater, Thurston County, Washington.  At all times material hereto, Red Ball was conducting continuous business in King County, Washington.

## II.    VENUE AND JURISDICTION

3.      Defendant Atlas and Red Ball were conducting continuous business in Seattle, King County, Washington at the time of the conduct complained of herein. This court has jurisdiction over the plaintiffs' claims pursuant to RCW 2.08.010.  Venue lies within this court pursuant to RCW 36.01.050.

COMPLAINT
Page 2 of 5

The Jackman Law Firm, PLLC
600 Stewart Street, suite 400
Seattle, WA 98101
Tel: 206-245-6442
Chris@TheJackmanLawFirm.Com

### III.   FACTS

4.      Plaintiffs repeats and incorporates the previous allegations of the Complaint.

5.      On or about July 29, 2014, the Plaintiffs moved from their home in Pensacola, Florida to Pennsylvania.  Plaintiff Kevin Roux is in the military and has been for over 20 years.  Because of his position, the military has moved him many times, including internationally.  Plaintiffs had a contract with Defendant Atlas and Red Ball whereby Defendants would pack and transport the Plaintiffs' goods.  Defendants in turn contracted with Carlyle Vane Lines, Inc. to move the household goods and related items (hereafter "goods") from the Plaintiffs' home in Florida to Pennsylvania.  Said goods constituted everything from fungible items like televisions and sofas to irreplaceable items such as family photo albums and an antique Coke machine.  It was communicated to the plaintiffs that their goods would be delivered by August 8, 2014 to their home in Pennsylvania.

6.      When the Plaintiffs' goods were delivered nearly a month after their expected delivery date, many of the Plaintiffs' goods were damaged and/or lost.  To date, many of the goods, constituting thousands of dollars in damage, have not been replaced or repaired.  Further, many of the goods the defendant lost simply cannot be replaced, such as family photo albums.

### IV.   FIRST CAUSE OF ACTION—BREACH OF CONTRACT

7.      Plaintiffs performed all of the conditions, covenants, and promises required by her to be performed in accordance with the terms and conditions of the

COMPLAINT
Page 3 of 5

The Jackman Law Firm, PLLC
600 Stewart Street, suite 400
Seattle, WA 98101
Tel: 206-245-6442
Chris@TheJackmanLawFirm.Com

contract.  Defendants are in breach of their terms of the contract by not meeting the

conditions, covenants, and promises required to be performed, namely, but not limited

to, losing and/or damaging the Plaintiffs' goods.  The Plaintiffs damages are a

proximate cause of the Defendant's breach.

## V.    SECOND CAUSE OF ACTION—CONSUMER PROTECTION ACT VIOLATION

8.    Defendants' actions as described herein are in violation of the Consumer

Protection Act (CPA), RCW 19.86 et seq.

9.    Said Defendants should be enjoined from further operation in the state of

Washington.

10.    Defendant's actions are in violation of the CPA entitles the Plaintiffs to

treble damages, reasonable attorney fees, costs of suit, injunctive and other relief as

permitted by statute.

## PRAYER FOR RELIEF

WHEREBY the Plaintiffs pray for damages to be awarded against the defendant

as follows:

1.    Damages for the repair and/or replacement value of the Plaintiffs' home

goods in an amount to be proven at trial.

2.    Emotional distress damages to the Plaintiffs in an amount to be proven at

trial.

3.    Treble damages, attorney's fees, and costs as stated in RCW 19.86.

COMPLAINT
Page 4 of 5

The Jackman Law Firm, PLLC
600 Stewart Street, suite 400
Seattle, WA 98101
Tel: 206-245-6442
Chris@TheJackmanLawFirm.Com

4.      Such other and further relief the Court deems just and equitable.

DATED 2st day of September, 2018

/s/ Chris T. Jackman
Chris Jackman, WSBA #46182
The Jackman Law Firm, PLLC
600 Stewart Street, suite 400
Seattle, WA 98101
Tel: 206-245-6442
Chris@TheJackmanLawFirm.Com

COMPLAINT
Page 5 of 5

The Jackman Law Firm, PLLC
600 Stewart Street, suite 400
Seattle, WA 98101
Tel: 206-245-6442
Chris@TheJackmanLawFirm.Com

# EXHIBIT 2

FILED

18 SEP 24 PM 3:56

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 18-2-23821-8 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING

| KEVIN ROUX AND LISA ROUX, a married couple, | |
|---|---|
| Plaintiffs, | No. |
| vs. | AMENDED COMPLAINT |
| ATLAS WORLD GROUP INTERNATIONAL, INC., a Washington State Corporation | |
| AMERICAN RED BALL INTERNATIONAL, INC., a Washington State corporation, | |
| Defendants. | |

COMES NOW   Plaintiffs Kevin and Lisa Roux   by and through their attorney of record, Chris Jackman of The Jackman Law Firm, PLLC, who appears before the Court complaining against the defendant as follows:

AMENDED COMPLAINT
Page 1 of 5

The Jackman Law Firm, PLLC
600 Stewart Street, suite 400
Seattle, WA 98101
Tel: 206-245-6442
Chris@TheJackmanLawFirm.Com

## I.   PARTIES

1.      Plaintiffs Kevin and Lisa Roux are a married couple who reside in Pennsylvania.

2.      Atlas World Group International, Inc. ("Atlas") is a Washington State corporation whose registered agent is located in Tumwater, Thurston County, Washington.  At all times material hereto, Atlas was conducting continuous business in King County, Washington.

3.      Red Ball International, Inc. ("Red Ball") is a Washington State corporation whose registered agent is located in Tumwater, Thurston County, Washington.  At all times material hereto, Red Ball was conducting continuous business in King County, Washington.

## II.   VENUE AND JURISDICTION

4.      Defendant Atlas and Red Ball were conducting continuous business in Seattle, King County, Washington at the time of the conduct complained of herein. This court has jurisdiction over the plaintiffs' claims pursuant to RCW 2.08.010.  Venue lies within this court pursuant to RCW 36.01.050.

AMENDED COMPLAINT
Page 2 of 5

The Jackman Law Firm, PLLC
600 Stewart Street, suite 400
Seattle, WA 98101
Tel: 206-245-6442
Chris@TheJackmanLawFirm.Com

1
2

### III.   FACTS

3
4

5.      Plaintiffs repeats and incorporates the previous allegations of the

Complaint.

5
6

6.      On or about July 29, 2014, the Plaintiffs moved from their home in

Pensacola, Florida to Pennsylvania.  Plaintiff Kevin Roux is in the military and has been

7
8

for over 20 years.  Because of his position, the military has moved him many times,

including internationally.  Plaintiffs had a contract with Defendant Atlas and Red Ball

9
10

whereby Defendants would pack and transport the Plaintiffs' goods.  Defendants in turn

contracted with Carlyle Vane Lines, Inc. to move the household goods and related items

11
12

(hereafter "goods") from the Plaintiffs' home in Florida to Pennsylvania.  Said goods

constituted everything from fungible items like televisions and sofas to irreplaceable

13
14

items such as family photo albums and an antique Coke machine.  It was communicated

to the plaintiffs that their goods would be delivered by August 8, 2014 to their home in

15
16

Pennsylvania.

7.      When the Plaintiffs' goods were delivered nearly a month after their

17
18

expected delivery date, many of the Plaintiffs' goods were damaged and/or lost.  To

date, many of the goods, constituting thousands of dollars in damage, have not been

19
20

replaced or repaired.  Further, many of the goods the defendant lost simply cannot be

replaced, such as family photo albums.

21
22

### IV.   FIRST CAUSE OF ACTION—BREACH OF CONTRACT

23
24

8.      Plaintiffs performed all of the conditions, covenants, and promises

required by her to be performed in accordance with the terms and conditions of the

25

AMENDED COMPLAINT
Page 3 of 5

The Jackman Law Firm, PLLC
600 Stewart Street, suite 400
Seattle, WA 98101
Tel: 206-245-6442
Chris@TheJackmanLawFirm.Com

contract.  Defendants are in breach of their terms of the contract by not meeting the conditions, covenants, and promises required to be performed, namely, but not limited to, losing and/or damaging the Plaintiffs' goods.  The Plaintiffs damages are a proximate cause of the Defendant's breach.

## V.    SECOND CAUSE OF ACTION—CONSUMER PROTECTION ACT VIOLATION

9.    Defendants' actions as described herein are in violation of the Consumer Protection Act (CPA), RCW 19.86 et seq.

10.    Said Defendants should be enjoined from further operation in the state of Washington.

11.    Defendant's actions are in violation of the CPA entitles the Plaintiffs to treble damages, reasonable attorney fees, costs of suit, injunctive and other relief as permitted by statute.

## PRAYER FOR RELIEF

WHEREBY the Plaintiffs pray for damages to be awarded against the defendant as follows:

1.    Damages for the repair and/or replacement value of the Plaintiffs' home goods in an amount to be proven at trial.

2.    Emotional distress damages to the Plaintiffs in an amount to be proven at trial.

3.    Treble damages, attorney's fees, and costs as stated in RCW 19.86.

AMENDED COMPLAINT
Page 4 of 5

The Jackman Law Firm, PLLC
600 Stewart Street, suite 400
Seattle, WA 98101
Tel: 206-245-6442
Chris@TheJackmanLawFirm.Com

1        4.      Such other and further relief the Court deems just and equitable.

2

3   DATED 2st day of September, 2018

4

5   /s/ Chris T. Jackman
    Chris Jackman, WSBA #46182
6   The Jackman Law Firm, PLLC
    600 Stewart Street, suite 400
7   Seattle, WA 98101
    Tel: 206-245-6442
8   Chris@TheJackmanLawFirm.Com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

AMENDED COMPLAINT
Page 5 of 5

                                    The Jackman Law Firm, PLLC
                                    600 Stewart Street, suite 400
                                    Seattle, WA 98101
                                    Tel: 206-245-6442
                                    Chris@TheJackmanLawFirm.Com

# EXHIBIT 3

Chris Jackman
The Jackman Law Firm, PLLC
800 Fifth Ave, Ste 4100
Seattle, WA 98104
Tel: 206-245-6442
Fax: 206-374-2586
Chris@TheJackmanLawFirm.Com

October 7, 2015

Janice Saewong
American Red Ball International
9750 Third Ave N.E., Suite 200
Seattle, WA 98115

Re: **Demand Letter on Behalf of Kevin and Lisa Roux**
*Sent via U.S. Certified Mail*
Claim #RBDS-14126s, GBL #CNNQ0037726
American Red Ball shipment #RBDM-0054-252

Dear Ms. Saewong:

My office has been retained by Kevin and Lisa Roux to represent them in a legal action against your company for a number of grounds, namely a breach of contract and a consumer protection act violation. The purpose of this letter is to provide you with our one-time proposal for settlement, sparing you the considerable financial cost, stress, time, and public exposure that comes with a lawsuit.

Liability on your part could not be clearer and the evidence against you is overwhelming, as overwhelming as I have ever seen in a case of this nature. Given this, I strongly encourage you to settle this case before full-blown litigation ensues. Further, by taking this option, your company will not be beset by all the headaches, anxiety, worries, and inconveniences associated with litigation. That means you will not have to deal with depositions, extensive and intrusive discovery into your company's financial and recordkeeping affairs, preparing for trial, hiring a law firm to defend you, wasting work time to go to trial, having your company be named in a court record, which is a matter of public record that anyone can view, and worrying whether you will lose at trial and how great your losses could be.

This lawsuit stems from a cross-country move. Kevin Roux is a 20-year military veteran who was stationed in Pensacola, Florida when the military transferred him to Pittsburg, Pennsylvania. Kevin Roux is married to Lisa and they have minor children together. As a family, they were supposed to be moved on July 31, 2014, and the expected delivery date of their household goods to their new home in Pittsburg was August 8, 2014. Stewart Moving & Storage was hired by American Red Ball International to complete the move.

On August 6, 2014, Lisa Roux was notified that their household goods were to be delivered that day, but Mrs. Roux had just finished completing the walk-through of their new home and informed

Chris Jackman
The Jackman Law Firm, PLLC
800 Fifth Ave, Ste 4100
Seattle, WA 98104
Tel: 206-245-6442
Fax: 206-374-2586
Chris@TheJackmanLawFirm.Com

the moving company that delivery on that day was impossible.  She was then told her goods would be delivered by August 11, 2014.

The first delivery of goods arrived on August 14, 2014.  Only a fraction of the Roux's goods were delivered.  Furniture was missing.  Mr. Roux phoned Stewart Moving & Storage in Pensacola and learned that there had been an over-flow and that "non-essential" items were left behind in storage. Mr. Roux was then informed the remaining goods were crated and would arrive by August 20, 2014.

 When the goods arrived, many were broken beyond repair.  The first delivery did not arrive until September 3, 2014.  To date, at least a dozen items have still not been delivered, including family photo albums that were not stored on digital media.  No one with your company has been able to locate the Roux's items, nor has your company provided the Roux's an inventory sheet. In addition, the Roux's received three boxes that were not theirs, and despite contacting your company to retrieve said boxes, no one has retrieved them.

The Roux's filed a claim for lost goods.  Again, no help was forthcoming beyond a $883.49 settlement offer.

Enclosed, please find the following:

| | |
|---|---|
| Exhibit One: | Summons |
| Exhibit Two: | Complaint (unfiled) |
| Exhibit Three: | Itemized Inventory Sheet |

Based on the calculations I have made with the evidence I have the Roux's are willing to settle this matter for $40,000.

You have 20 days to make payment of **$40,000** to my office.

Please make the check payable to **The Jackman Law Firm, PLLC IOALTA account**.

If my office does not receive the above-stated amount by **October 30, 2015 at 5:00 p.m.**, we will withdraw this offer, make no more offers on this case, and I will file the Complaint in King County Superior Court on November 2, 2015.  We will take this case to trial and wait for a verdict.

If there is any other information that you need after reviewing this demand and supporting documents, please let me know at once.  I look forward to a prompt response from you in the next 20 days.


Very truly yours,

EXHIBIT 4

1
2
3
4
5
6

The Honorable Catherine Shaffer

7          SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

8  KEVIN ROUX AND LISA ROUX, a married
   couple,

9                                         No. 18-2-23821-8 SEA
                          Plaintiffs,
10                                        NOTICE OF FILING NOTICE OF
          v.                              REMOVAL
11
   ATLAS WORLD GROUP
12 INTERNATIONAL, INC., a Washington State  (Clerk's Action Required)
   Corporation and AMERICAN RED BALL
13 INTERNATIONAL, INC., a Washington State
   corporation,
14
                          Defendants.
15

16

17         Defendants Atlas World Group International, Inc. and American Red Ball International,

18 Inc. hereby give notice that they have filed a Notice of Removal to remove the above-styled

19 matter to the United States District Court for the Western District of Washington.  A copy of the

20 Notice of Removal and supporting papers are attached hereto as Exhibit A.  Upon filing of this

21 Notice of Filing of Notice of Removal, applicant has effected removal pursuant to 28 U.S.C. §§

22 1331 and 1337.

23

24

25

26

NOTICE OF FILING NOTICE OF REMOVAL - 1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

53166989.1

1    DATED this 15th day of October, 2018.

2

3

4                                    *s/Steven W. Block*
                                     Steven W. Block, WSBA No. 24299
5                                    FOSTER PEPPER PLLC
                                     1111 Third Avenue, Suite 3000
6                                    Seattle, Washington  98101-3292
                                     Telephone: (206) 447-4400
7                                    Facsimile: (206) 447-9700
                                     Email:  steve.block@foster.com
8                                    *Attorney for Defendants*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF FILING NOTICE OF REMOVAL - 2

53166989.1

## **CERTIFICATE OF SERVICE**

The undersigned declares that on the date stated below I caused to be served the foregoing document, upon the following in the manner of service indicated:

| | |
|---|---|
| Chris Jackman<br>The Jackman Law Firm, PLLC<br>600 Stewart Street, suite 400<br>Seattle, WA 98101<br>*Attorney for Plaintiff* | ☐   via hand delivery<br>☒   via e-mail<br>☒   via E-Filing<br>☐   via facsimile<br>☐   via U.S. Mail |

I declare under penalty of perjury under the laws of the State of Washington, that the foregoing is true and correct.

Executed in Seattle, Washington this 15th day of October, 2018.

*s/Michelle Stark*
Michelle Stark, Legal Assistant

NOTICE OF FILING NOTICE OF REMOVAL - 3

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

53166989.1